UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARMANVIR SINGH (A No. 208 921 504),

Petitioner,

v.

WARDEN, et. al.,

Respondents.

No.  1:26-cv-03213 DJC CKD

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be denied.

I.  Facts and Procedural History

Petitioner, a citizen of India, entered the United States without inspection on February 14, 2016. ECF No. 7-1 at 2. Customs and Border Patrol ("CBP") agents apprehended Petitioner shortly after his entry and, after determining he had a credible fear of return to India, placed him in removal proceedings and released him. Id. at 3. He has been living in the United States ever since.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

Petitioner has two criminal convictions. On June 3, 2025, Petitioner was convicted of misdemeanor theft in violation of Cal. Penal Code § 484(a), for which he was sentenced to 30 days in jail and one year of probation. ECF No. 7-2 at 6. On March 13, 2026, he was convicted of misdemeanor grand theft, in violation of Cal Penal Code § 487(a), for which he was sentenced to 253 days in jail and twelve months of probation. ECF No. 7-3 at 1.

On March 13, 2026, when Petitioner was set to be released from criminal custody, ICE agents took him into immigration custody. ECF No. 7 at 2.

Petitioner filed a pro se Petition for Writ of Habeas Corpus on April 27, 2026, after approximately a month and a half of detention. ECF No. 1 at 1. He alleged that prolonged detention without a hearing to determine dangerousness to society and flight risk is a violation of his Fifth Amendment due process rights and asked the Court to order a bond hearing or release in the alternative. Id. at 2-18.

Based on the limited information in the *pro se* petition, the district court judge assigned to this case determined that Petitioner might be entitled to relief and ordered Respondents to identify any ways in which the instant case is distinguishable from Garcia Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK; Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD; and Lopez v. Lyons, No. 2:25-cv-03174-DJC-CKD, in which the district court judge had granted relief. In its answer, Respondent asserted that the instant case is readily distinguishable from the above-referenced cases because here Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) due to having been convicted of a crime involving moral turpitude. ECF No. 7 at 2-3.  In light of the Respondent's assertions regarding mandatory detention, the Court appointed counsel.

Petitioner, through appointed counsel, submitted a traverse arguing that even if he is subject to mandatory detention under § 1226(c), the Court should apply the test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether due process requires that Petitioner receive a bond hearing.

II. Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const.,

Art I, § 9, cl. 2).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

The detention of a noncitizen pending removal proceedings is governed by 8 U.S.C § 1226. For those subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), the Attorney General "shall take into custody any [noncitizen] who" falls into one of the enumerated categories involving criminal offenses and national security grounds, § 1226(c)(1)(A)-(E), and specifies that the Attorney General "may release" such a noncitizen "only if the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk.  Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

III. Analysis

A.  Petitioner is subject to mandatory detention under 8 U.S.C § 1226(c)

While 8 U.S.C § 1226(a) allows the Attorney General to either detain *or* release noncitizens while their removal proceedings are pending, § 1226(c) imposes *mandatory* detention on certain noncitizens. Petitioner falls into two categories of noncitizens subject to mandatory detention.

First, 8 U.S.C. § 1226(c) applies to any noncitizen who is inadmissible by reason of having committed any offense covered in 8 U.S.C. § 1182(a)(2), which includes citizens convicted of a crime involving moral turpitude. 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i)(I). Respondent provided evidence of Petitioner's theft convictions under CA P.C. §§ 484(a) and 487(a). ECF No. 7-2 at 5-10; ECF No. 7-3. The Ninth Circuit has held that theft offenses under CA P.C. §§ 484(a) and 487(a) are crimes involving moral turpitude. See Silva v. Garland, 993 F.3d 705, 717 (9th Cir. 2021) ("[B]ased on our binding precedent, a violation of section 484(a) constitutes a crime involving moral turpitude . . . ."); see also id. at 710 n.1 (noting that petty theft under § 484(a) and grand theft under § 487 share the same elements

3

apart from the amount and type of property taken).

The mandatory detention provision also applies to any noncitizen who, like Petitioner, is inadmissible under 8 U.S.C. § 1182(a)(6)(A) for having entered the United Sates without admission or parole and is convicted of a theft offense. 8 U.S.C. § 1226(c)(1)(E); 8 U.S.C. § 1182(a)(6)(A).

Because Petitioner's detention is governed by 8 U.S.C. § 1226(c), detention is mandatory, and Petitioner is not entitled to a bond hearing.

B. Petitioner's detention has not become prolonged

Petitioner claims that the length of his detention[2] amounts to arbitrary prolonged detention in violation of the Due Process Clause of the Fifth Amendment.  The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 531 (2003).  However, the Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Id. at 513, 529 n.12, 530.  Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring).  Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges:  "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to

_____

[2] To date, Petitioner has been detained for less than three months. Petitioner asks the Court to consider the length of detention prospectively, that is, to consider how long he *could* be detained. However, Petitioner is in active removal proceedings, and the record contains no evidence that detention will last beyond the time necessary to complete removal proceedings.

applications of the statute as we have now read it." Preap, 586 U.S. at 420.  Additionally, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

While the undersigned agrees that *prolonged* detention may warrant a constitutional challenge to mandatory detention, Petitioner's detention in this case has not become prolonged. Petitioner has been detained since March 13, 2026, less than three months. This length of time is well-within the timeframe contemplated in Demore.

IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED that the petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 1) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
Sing3213.imm.frs

5